BILL LOCKYER Attorney General MARJORIE E. COX Deputy Attorney General
THE HONORABLE DAVID G. KELLEY, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. May a city council continue to lease property to a nonprofit corporation under a 40-year lease that will expire in 29 years and grant funds to the corporation if a newly elected council member is the salaried executive director of the corporation?
2. May a city council continue to execute an extension of a contract with a construction company to "noise-proof" homes near a city airport if the company's architectural subcontractor is the firm of a newly elected city council member and if the firm has been the architectural subcontractor on the project for more than five years and the architectural subcontractor for this construction company for the past three years?
 CONCLUSIONS
1. A city council may continue to lease property to a nonprofit corporation under a 40-year lease that will expire in 29 years even though a newly elected council member is the salaried executive director of the corporation. The city council may also grant funds to the corporation, provided that the newly elected council member does not participate in the making of the grants and discloses her financial interest in the grants to the city council, and the interest is noted in the council's official records.
2. A city council may not continue to execute an extension of a contract with a construction company to "noise-proof" homes near a city airport if the company's architectural subcontractor is the firm of a newly elected city council member even though the firm has been the architectural subcontractor on the project for more than five years and the architectural subcontractor for this construction company for the past three years.
 ANALYSIS
A city council has two newly elected members. One is the executive director of a nonprofit corporation and the other is an architect who owns and manages his own architectural firm. The two questions presented for analysis concern the possible application of Government Code section1090[1] to contractual decisions made by the council involving the nonprofit corporation and the architectural firm. Section 1090
reads in relevant part:
 ". . . [C]ity officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."
Section 1090 is intended to assure the public of the "absolute loyalty undivided allegiance" of their public servants. (Stigall v. City of Taft (1962) 58 Cal.2d 565, 569.) When applicable, section 1090's command is absolute; neither the person with the prohibited financial interest nor any body of which the person is a member may enter into the contract. The prohibition cannot be avoided merely by having the financially interested officer or employee abstain from participating in the contracting process. (Fraser-Yamor Agency, Inc. v. County of Del Norte (1977) 68 Cal.App.3d 201, 211-212; 78 Ops.Cal.Atty.Gen. 362, 368 (1995).)
1. Lease and Grant Contracts
The first question involves two separate legal issues. May a city council continue to lease property to a nonprofit corporation under a 40-year lease that will expire in 29 years if a newly elected council member is the corporation's salaried executive director? Second, may the city council grant funds to the corporation?
With respect to the lease, the agreement was executed 11 years before the nonprofit corporation's executive director became a city council member. At the time of the lease's execution, no one on the city council had a personal financial interest in the terms of the agreement. Accordingly, section 1090 had no application when the contract was executed. Because section 1090 is directed at the time a contract is "made," it has no application now merely because the corporation's executive director has become a council member. (See City of Imperial Beach v. Bailey (1980) 103 Cal.App.3d 191, 194-196; People v. Darby (1952) 114 Cal.App.2d 412, 426; 84 Ops.Cal.Atty.Gen. 34, 35-36 (2001); 76 Ops.Cal.Atty.Gen. 118, 119-120 (1993); 73 Ops.Cal.Atty.Gen. 191, 194-195 (1990).)
With respect to any grants the city council might now wish to make to the nonprofit corporation, the general terms of section 1090 would apply.[2] However, the Legislature has provided exemptions from section1090's prohibition that allow certain agreements to be executed. If a "remote interest" is present, as defined in section 1091, the contract[3] may be made provided: (1) the officer discloses his or her financial interest in the contract to the public body; (2) the interest is noted in the body's official records; and (3) the officer abstains from participating in the making of the contract. (See 84 Ops.Cal.Atty.Gen. 158, 159 (2001); 81 Ops.Cal.Atty.Gen. 169, 172 (1998); 65 Ops.Cal.Atty.Gen. 305, 307 (1982).) If a "noninterest" is present, as defined in section 1091.5, the contract may be made without the abstention of the officer or employee, and a noninterest generally does not require disclosure. (Ibid.; see also City of Vernon v. Central Basin Mun. Water. Dist. (1999) 69 Cal.App.4th 508, 513-515.)
Subject to an exception not pertinent here, subdivision (b)(1) of section 1091 specifies as a "remote interest" the interest a public officer has as "an officer or employee of a nonprofit corporation." Here, the council member's financial interest meets the test of a remote interest as set forth in section 1091, subdivision (b)(1). Accordingly, grants by the city to the nonprofit corporation may be made as long as the city council member follows the disclosure and other requirements of section 1091. (Cf. 65 Ops.Cal.Atty.Gen. 41, 56 (1982).)
In answer to the first question, therefore, we conclude that a city council may continue to lease property to a nonprofit corporation under a 40-year lease that will expire in 29 years even though a newly elected council member is the salaried executive director of the corporation. The city council may also grant funds to the corporation, provided that the newly elected council member does not participate in the making of the grants and discloses her interest in the grants to the city council and the interest is noted in the council's official records.[4]
2. Extension of Construction Contract
Next we consider whether a city council may continue to execute an extension of its contract with a construction company to "noise-proof" homes near a city airport if the company's architectural subcontractor is the firm of a newly elected city council member. We conclude that the city council may not continue to execute an extension of the construction contract under the circumstances presented.
We are given that each subcontractor on the noise-proofing project must be individually listed in the main construction contract and approved by the city council. Moreover, any execution of an extension of the contract would financially benefit the newly elected council member's firm if it continues as the architectural subcontractor. (See City Council of the City of San Diego v. McKinley (1978) 80 Cal.App.3d 204, 213-214.) Absent an applicable exception, the city council would be barred from continuing to execute an extension of the construction contract. (City of Imperial Beach v. Bailey, supra, 103 Cal.App.3d at pp. 196-197; 81 Ops.Cal.Atty.Gen., supra, at pp. 135-137.)
Has the Legislature specified a "remote interest" or "noninterest" exception that would allow the city council to approve extension of the construction contract despite the council member's financial interest as a subcontractor? Three "remote interest" exceptions merit our analysis.
The primary remote interest exemption requiring our examination is for "a supplier of goods or services when those goods or services have been supplied to the contracting party by the officer for at least five years prior to his or her election or appointment to office." (§ 1091, subd. (b)(8).) While the council member's firm has provided architectural services on the construction project for more than five years prior to his election, the present general contractor has been contracting with the city on the project for only a period of three years. It has been less than five years, therefore, that the council member's firm has supplied services to this particular contractor. Under these circumstances, has the five-year requirement for the exemption been met?
This question was answered in Frazer-Yamor Agency, Inc. v. County of Del Norte, supra, 68 Cal.App.3d 201, where a county supervisor had provided insurance agency services to insurance companies dealing with the county for more than five years prior to his election. The court ruled that the exemption was only available if the supervisor had provided services for five years to the particular insurance company that was then contracting with the county. (Id. at p. 217.) Accordingly, following Frazer-Yamor, we find that subdivision (b)(8) of section 1091 is unavailable here since the council member's architectural firm has provided architectural services to the present general contractor for less than five years.
The other two remote interest exceptions may be summarily analyzed. An exemption is provided for architects who are "employed by a consulting engineering or architectural firm" in other than "a primary management capacity." (§ 1091, subd. (b)(11).) This exception is plainly unavailable for the council member who, as noted, owns and manages the architectural firm that is the subcontractor on the project. (See 77 Ops.Cal.Atty.Gen. 112, 118 (1994).)
The last potential exception is for an officer who has been "an employee or agent of the contracting party . . . for at least three years prior to the officer initially accepting his or her office. . . ." (§1091, subd. (b)(2).) The council member in question would not qualify as an "employee or agent" of the general contractor since we are given that his architectural firm acts as an "independent contractor" under the subcontract and is not authorized to represent the general contractor in "dealings with third persons." (See Frazer-Yamor Agency, Inc. v. County of Del Norte, supra, 68 Cal.App.3d at pp. 216-217; see also Civ. Code, § 2295; Los Angeles v. Meyers Brothers Parking System, Inc. (1975) 54 Cal.App.3d 135, 138; Trance Co. v. Gilbert (1968) 268 Cal.App.2d 720, [267 Cal.App.2d 720], 726.) Accordingly, based on the facts presented, the section 1091, subdivision (b)(2) exemption for "an employee or agent of the contracting party" is inapplicable here.[5]
No other remote interest or noninterest exemption appears relevant to our inquiry. In answer to the second question, therefore, we conclude that a city council may not continue to execute an extension of a contract with a construction company to "noise-proof" homes near a city airport if the company's architectural subcontractor is the firm of a newly elected city council member even though the firm has been the architectural subcontractor on the project for more than five years and the architectural subcontractor for this construction company for the past three years.[6]
[1] All further references to the Government Code are by section number only.
[2] Of course, any attempt by the city and the nonprofit corporation to modify the lease agreement while the executive director is on the city council would also come within the broad language of section 1090. (See 84 Ops.Cal.Atty.Gen., supra, at p. 37; 81 Ops.Cal.Atty.Gen. 274, 278 (1998); 81 Ops.Cal.Atty.Gen. 134, 135-137 (1998).)
[3] The city's grant of funds would constitute a "contract" for purposes of section 1090. (People v. Honig (1996) 48 Cal.App.4th 289,349-350.)
[4] The Political Reform Act of 1974 (§§ 81000-91015) also generally prohibits public officials from participating in the making of governmental decisions in which they have a financial interest. (§ 87100; 78 Ops.Cal.Atty.Gen., supra, at p. 373; 70 Ops.Cal.Atty.Gen. 45, 46 (1987).) So too does the common law applicable in California. (See Kuner v. Brea Redevelopment Agency (1997) 55 Cal.App.4th 511, 519; Clark v. City of Hermosa Beach (1996) 48 Cal.App.4th 1152, 1171; 64 Ops.Cal.Atty.Gen. 795, 797 (1981).) Neither, however, would prevent the city council from acting on the grants to the nonprofit corporation or require more of the council member than does section 1091. (See 81 Ops.Cal.Atty.Gen., supra, at pp. 280-281; 78 Ops.Cal.Atty.Gen., supra, at p. 374; 73 Ops.Cal.Atty.Gen., supra, at p. 196; 70 Ops.Cal.Atty.Gen. 157, 162 (1987); 26 Ops.Cal.Atty.Gen. 5, 7 (1955).)
[5] Subdivision (b)(3) of section 1091 provides an additional exemption for "an employee or agent of the contracting party" which similarly would be unavailable here.
[6] A "rule of necessity" allows execution of a contract otherwise prohibited by section 1090 in certain narrowly defined circumstances. (See Eldridge v. Sierra View Local Hospital Dist. (1990)224 Cal.App.3d 311, 321; 80 Ops.Cal.Atty.Gen. 335, 338-339 (1997); 69 Ops.Cal.Atty.Gen. 102, 107-112 (1986).) No facts have been presented regarding the city council member's subcontract that would support application of this rule.